UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA SCAMORDELLA,

                      Plaintiff,

     -against-

SOCIAL SECURITY ADMINISTRATION,

                     Defendant.
------------------------------------------------------------X

MEMORANDUM AND ORDER
11-CV-3101 (SJF)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N

★ AUG 24 2011 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On June 24, 2011, *pro se* plaintiff Barbara Scamordella ("plaintiff") filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 seeking to compel defendant Social Security Administration ("SSA") to issue seven (7) social security checks plaintiff allegedly has not received, accompanied by an application to proceed *in forma pauperis*. By order entered July 19, 2011, plaintiff's application to proceed *in forma pauperis* was granted and the Court issued an order to show cause directing the United States Attorney to serve a response to the petition on behalf of the SSA within fifteen (15) days of the date of that order and plaintiff to file a reply within twenty-one (21) days of the date she received the SSA's return. On July 19, 2011, the Clerk of the Court served the order to show cause upon plaintiff by mailing a copy thereof to her address of record pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. The United States Attorney filed its return on July 26, 2011.

On August 2, 2011, Assistant United States Attorney James H. Knapp notified the Court that he had attempted to serve plaintiff with a copy of the SSA's return at her address of record via Federal Express mail on July 26, 2011, but Federal Express returned the documents as undeliverable; that the driver for Federal Express indicated that he had been told by plaintiff's neighbors that plaintiff had been evicted from the apartment at her address of record; and that he would make a further attempt to effectuate service upon plaintiff at her address of record via First

1

Class mail. (Doc. No. 8).

By letter dated August 11, 2011, Mr. Knapp notified the Court that the United States Postal Service had also returned the documents he had attempted to serve upon plaintiff at her address of record as undeliverable, with a notation that plaintiff had moved without providing a forwarding address. (Doc. No. 9). Mr. Knapp attached a copy of the returned envelope in which he had mailed the documents.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Justice v. Correctional Officer, No. 07-CV-3800, 2009 WL 4723735, at * 1 (E.D.N.Y. Dec. 1, 2009) (holding that the plaintiff had a duty to apprise the Court of his updated contact information); Beeks v. Reilly, No. 07-CV-3865, 2009 WL 2568531, at * 2 n. 2 (E.D.N.Y. Aug. 19, 2009) ("[P]arties have an obligation to notify the Court of a change in their address."); United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1 (S.D.N.Y. May 14, 2007) (holding that it is a plaintiff's obligation to inform the court of any change in address). This action cannot proceed unless the Court and defendant are able to contact plaintiff to, *inter alia*, serve documents, arrange conferences and schedule trial. See, e.g. U.S. ex rel. Roundtree, 2007 WL 1428428, at * 1, 2 ("[A] lawsuit cannot continue where the plaintiff fails to disclose his new address to his adversary and to the Court.") Accordingly, plaintiff is directed to serve and file an affidavit **ON OR BEFORE SEPTEMBER 16, 2011** either (1) indicating that the contact information on record with the Court, i.e., 33 North Clinton Avenue, Apt. 109, Bay Shore, New York 11706, (631) 334-1904, remains the correct address and telephone number at which defendant and the Court can serve and contact her during the pendency of this proceeding; or (2) providing defendant and the Court with a new telephone number and address at which she can be

2

contacted and served pursuant to Rule 5(b) of the Federal Rules of Civil Procedure.

**PLAINTIFF IS ADVISED THAT HER FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THIS ACTION BEING DISMISSED <u>WITH PREJUDICE</u> PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff's address of record pursuant to Rule 5(b)(2)(C) and leaving a copy of this order with the Clerk of the Court pursuant to Rule 5(b)(2)(D).

The Court certifies pursuant to 28 U.S.C. § 1915 (a) (3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. See <u>Coopedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: August 24, 2011
       Central Islip, New York

3